**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BARBARA ELISABETH SMITH RODRIGUEZ,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-06652** |
| | § | |
| **CLUB DEMONSTRATION SERVICES, And ADVANTAGE SOLUTIONS** | § | |
| | § | |
| ***Defendant.*** | § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

Defendants Club Demonstration Services, Inc. ("Club Demonstration") and Advantage Solutions, Inc. ("Advantage Solutions") (collectively "Defendants") file this motion to dismiss Plaintiff Barbara Elisabeth Smith Rodriguez's ("Plaintiff") claims under Federal Rules of Civil Procedure 12(b)(4) and, in the alternative, for a more definite statement under Federal Rules of Civil Procedure 12(e). In support thereof, Defendants respectfully show the Court as follows:

## I. NATURE AND STAGE OF THE PROCEEDINGS

On August 13, 2026, Plaintiff filed suit against Club Demonstration, Advantage Solutions, Rebecca Davis, Michael Conklin, Ron Centero, Carol Grisso, Lyn Evelyn Jiminez, and Jason Perez. [Doc. No. 1.] Although largely unintelligible, Plaintiff's Complaint at Document No. 1 on the docket (the "Complaint") seems to allege disability discrimination and retaliation under the Americans with Disabilities Act of 1990 ("ADA") and Chapter 21 of the Texas Labor Code. Club Demonstration was served on October 9, 2026, and Advantage Solutions was served on October 28, 2026. Defendants now file their first responsive pleading and move under Rule 12(b)(4) to

dismiss Plaintiff's claims for insufficient process and under Rule 12(e) for a more definite statement because the Complaint is largely incomprehensible as it is handwritten and difficult to decipher.

## II. ISSUES TO BE RULED ON BY THE COURT

Defendants' Motion presents the Court with the following issues for ruling:

- Whether Plaintiff's lawsuit should be dismissed under Rule 12(b)(4) based upon her insufficient process.

- In the alternative, whether Plaintiff's Complaint is so vague and ambiguous under Rule 12(e) such that a responsive pleading cannot be prepared.

## III. SUMMARY OF THE ARGUMENT

Plaintiff failed to properly serve Defendants with process as required by Federal Rule of Civil Procedure 4. Defendants were not served with the filed Complaint. Because proper service is a prerequisite to the Court's exercise of jurisdiction, her Complaint must be dismissed. If the Court denies Defendants' Motion to Dismiss under Rule 12(b)(4), because Plaintiff's Complaint is illegible that Defendants cannot reasonably prepare a responsive pleading, it should require Plaintiff to file a typed legible complaint.

## IV. ARGUMENTS AND AUTHORITIES

### A. Plaintiff Failed to Properly Effect Service of Process on Defendants.

Under the Federal Rules of Civil Procedure, a summons must be served with a copy of the complaint. FED. R. CIV. P. 4(c)(1). For service of process to be valid, service must include a copy of the *filed* complaint. *See J.O. Alvarez, Inc. v. Rainbow Textiles, Inc.*, 168 F.R.D. 201, 202 (S.D. Tex. 1996) (holding that service of process was not effective where the served complaint had not been filed with the court). Although a defendant may receive notice of a lawsuit by some means

other than proper service, "actual or constructive notice will not satisfy the requirements of [the] Rule." *Id*. at 202-03. "[A] district court cannot exercise jurisdiction over a defendant which has not been served properly." *Id* at 203. Accordingly, when a complaint that has not been filed is served upon a defendant, courts may dismiss for insufficient process. *See e.g.*, *Salazar v. Texas Tech Univ. Police Dep't*, No. 5:03-CV-195-C, 2004 WL 3422173 (N.D. Tex. Mar. 5, 2004) (granting defendant's motion to dismiss for insufficient process when plaintiff served defendant with a complaint that had not yet been filed).

Here, Defendants have not been served with the filed Complaint. Club Demonstration was served on October 9, 2026 with one version of a complaint [Ex. A], and Advantage Solutions was served with another version of the complaint on October 28, 2026. [Ex. B.] Neither of which was the Complaint filed with the Court. [*Compare* Doc. No. 1 with Ex. A. and Ex. B.] Because Plaintiff's process is invalid, the Court does not have jurisdiction over Defendants, and Plaintiff's Complaint must be dismissed.

**B. Plaintiff's Complaint Is Sufficiently Vague that Repleading Is Necessary to Facilitate an Answer.**

If the Court denies Defendants' Motion to Dismiss under Rule 12(b)(4), it should grant Defendants' Motion for a More Definite Statement because the Complaint is almost entirely illegible. A pleading that states a claim for relief must contain a short and plain statement of the claim. FED. R. CIV. P 8(a)(2). Pleadings are required to be simple, concise and direct. FED. R. CIV. P 8(d)(1). A party may move for a more definite statement of a pleading that is so vague or ambiguous that the party cannot reasonably prepare a response. FED. R. CIV. P 12(e). Rule 12(e) motions are appropriate when the complaint is "sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but it must be so vague or ambiguous that the opposing party cannot respond, even with a simple

denial, in good faith or without prejudice to himself." *Sefton v. Jew,* 204 F.R.D. 104, 106 (W.D. Tex. 2000).

Courts grant motions for a more definite statement when the complaint is "so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Texas,* 260 F. Supp. 3d 738, 757 (S.D. Tex. 2017), *aff'd sub nom. Residents Against Flooding v. Reinvestment Zone No. Seventeen,* 734 F. App'x 916 (5th Cir. 2018) (quoting *Phillips v. ABB Combustion Eng'g, Inc.,* Civ. A. No. 13-594, 2013 WL 3155224 (E.D. La. June 19, 2013)). When a handwritten complaint is illegible, courts may grant a motion for a more definite statement and require the plaintiff to file a typed complaint. For example, in *William v. Collins*, the court granted the defendants' motion for a more definite statement and ordered the *pro se* plaintiff to file a typed complaint because her handwritten petition was illegible. *William v. Collins*, 2026 WL 855873, at *1 (S.D. Tex. Mar. 27, 2026). When the plaintiff failed to comply, the court dismissed the action with prejudice. *Id.*

Here, Plaintiff asserts discrimination and retaliation claims under the ADA and Chapter 21 of the Texas Labor Code. However, the Statement of Claims portion appearing on pages 13–16 of the Complaint, is handwritten and almost entirely illegible. As a result, Defendants cannot determine the factual basis for Plaintiff's claims or the alternative theories she seeks to assert. Elsewhere in the Complaint, Plaintiff has added handwritten allegations in small print and in the margins that are also difficult to read. The illegibility of these allegations prevents Defendants from assessing whether Plaintiff has sufficiently alleged claims under the ADA and Chapter 21 or meaningfully responding to the facts on which those claims rest.

Because Defendants cannot read or reasonably respond to Plaintiff's Complaint, whether through an answer or a motion to dismiss, it requests that the Court order Plaintiff to file an amended complaint containing a legible, more definite statement of her claims that complies with Rules 8(a)(2) and 8(d)(1).

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Complaint be dismissed for insufficient service. And in the alternative, that Plaintiff be ordered to provide a more definite statement or replead to comply with Federal Rules of Civil Procedure 8(a)(2), 8(d)(1), and 12(e) so that Defendants can reasonably respond.

Dated: October 30, 2026

Respectfully submitted,

*/s/ Emily P. Harbison*

Emily P. Harbison
State Bar No. 24059892
Southern District No. 902584
Fisher & Phillips LLP
910 Louisiana Street, Suite 400
Houston, Texas 77002
eharbison@fisherphillips.com
Telephone: 713.292.5620
Facsimile: 713.292.0151

*Attorney-in-Charge for Defendant Club Demonstration Services*

OF COUNSEL:

Elizabeth J. Portie
State Bar No. 24149308
Southern District No. 3940724
Fisher & Phillips LLP
910 Louisiana Street, Suite 400
Houston, Texas 77002
eportie@fisherphillips.com
Telephone: 713.292.5620
Facsimile: 713.292.0151

## CERTIFICATE OF CONFERENCE

In accordance with the Court's Procedures, I hereby certify that on October 29, 2026 and October 30, 2026 I conferred with Plaintiff *pro se*, by email. Plaintiff responded that she is opposed to the relief requested in this Motion.

*/s/ Elizabeth J. Portie*
Elizabeth J. Portie

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October 2026, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Emily P. Harbison*
Emily P. Harbison